## SUPREME COURT.

William G. Sands, Receiver of the Ætna Insurance Company, of Utica, respondent agt. Bradley Tillinghast, appellant.

The Same, respondent agt. John Griffiths, appellant.

The " act to facilitate the closing up of insolvent and dissolved mutual insurance companies," passed April 21, 1862, is *not unconstitutional*, as impairing the *right of trial by jury*. A *compulsory reference*, therefore, may be ordered in these cases.

*Broome General Term, January,* 1863.

*Present*, Balcom, Campbell and Parker, *Justices.*

Appeal from orders made at chambers appointing a referee in these proceedings.

The receiver of the Ætna Insurance Company, after personal demand of payment of notes made to said company, and refusal to pay the same, applied to Mr. Justice Campbell under the act entitled "An act to facilitate the closing up of insolvent and dissolved Mutual Insurance

Companies," passed April 21, 1862, to appoint a referee to hear the proofs and allegations of the parties.

The leading point against the application was that the said act was unconstitutional,·as impairing the right of trial by jury.

Orders were made and entered with the clerk of Chenango, appointing a referee, from which orders an appeal was had to the general term in the sixth district.

The appeal was argued at the November term, 1862, and decided at the January term, 1863.

WARD HUNT, *for the appellants.*
HENRY R. MYGATT, *for the respondent.*

By the court, PARKER, Justice.    The principal question presented in these cases is, whether the provisions of·the act entitled "An act to facilitate the closing up of insolvent and dissolved Mutual Insurance Companies," passed April 21, 1862, (*Sess. Laws*, 1862, *p.* 743,) by which parties controverting any demand made against them by receivers of such companies, may be compelled to a submission of such controversies to the decision of a referee, to the exclusion of a jury, is constitutional.

It is claimed by the defendants that it is in conflict with section two of article one of the constitution of this state, which is as follows: "The trial by jury, in all cases in which it has been heretofore used, shall remain inviolate forever," etc.; that the alleged liability of the defendants being upon promissory notes, the question of their liability, under the ordinary defences which· they may set up, belongs to that class of cases in which trial by jury has been heretofore used, and hence that it is not competent for the legislature to deprive them of that right thus guaranteed by the constitution.

· The plaintiff's counsel replies that references as broad as those provided by this act were sanctioned by statute

and practiced long before and up to the time of the adoption of the present constitution, and refers to the provisions contained in the Revised Laws of 1813, similar to those in this act, (1 *Rev. Laws*, 161, § 16,) which are carried into the Revised Statutes, (2 *R. S.*, 45, § 19, 1*st ed.*,) and were the law in 1846, when the constitution was adopted, and also refers to the provisions of the Revised Statutes in the article relating to the voluntary dissolution of insolvent corporations, giving receivers the same powers conferred by law upon trustees of insolvent debtors, (2 *R. S.*, 469, §§ 68, 73,) including the power to compel references in any controversies which shall arise between them and creditors or debtors of the corporation.

These references show that, as the law stood when the constitution was adopted, the persons representing insolvent debtors might, instead of bringing suits in court to settle controversies between themselves and the debtors of the insolvent, compel references of such controversies to referees, and that receivers of insolvent corporations might in the same manner compel references of controversies between themselves and the debtors of the corporations.

The powers conferred on receivers by the act in question are very similar to those conferred on trustees of insolvent debtors, and receivers of insolvent corporations, by the Revised Statutes; and it may with truth be said, that in cases like this now before the court, the trial by jury had not "been heretofore used" as the only mode of trial; but that trial by referees was also a mode of trial in use and authorized.

An action involving the examination of a long account might be tried by a jury or by referees under the law as it existed at the adoption of the constitution. Hence, a reference in such cases is constitutional. *Lee* agt. *Tillotson*, (24 *W. R.*, 337,) Judge Cowen said in that case "but the seventh article (§ 2) of our constitution declares that

' the trial by jury, in all cases in which it has been heretofore used, shall remain inviolate forever,' and the case before us is supposed not to come within the exception. It is a satisfactory answer, however, that references as broad as that now contended for by the plaintiff were sanctioned by statute, and practiced by the courts long before the adoption of the constitution."

The same may be said in answer to the objection made to this statute.

I am of the opinion that it is not in conflict with the constitution, and that the orders appealed from should be affirmed with costs.