## SANDS *a.* HARVEY.

*Court of Appeals ; March Term,* 1865.

REFERENCE OF SUITS CONCERNING DISSOLVED MUTUAL INSURANCE COMPANIES.

The act of 1862 (*Laws of* 1862, 743, ch. 412),—which authorizes the court to refer controversies, &c., relating to disputed or unpaid demands by receivers of Mutual Insurance Companies against members or stockholders,—applies to actions brought since the enactment of the statute, as well as to actions then pending.[*]

But an order granting such a reference is not appealable.

Appeal from an order of reference.

This action was brought by William G. Sands, receiver of the Ætna Insurance Company of Utica, upon a note given to the company (which was a mutual company) by Jonathan B. Harvey, the defendant.

---

[*] See the following case which holds the contrary.

The action was commenced after the company had become insolvent and dissolved, and after the passage of the act of April 21, 1862, "to facilitate the closing up of insolvent and dissolved Mutual Insurance Companies."

On motion of the plaintiff, made at special term, the action was referred to a sole referee, to hear and determine the same.

The defendant appealed from the order made at the special term, upon the sole ground that the action was not referable, when the order of the special term was affirmed.

That decision was made at general term, in the sixth judicial district,* and from it the present appeal was taken.

*George W. Sumner*, for the appellant.—I. The peculiar phraseology of the act of 1862, p. 743, was evidently designed to provide for a summary disposition of a controversy between the receiver and a member of an insurance company, without an action, and does not contemplate a compulsory reference of an action which a receiver should thereafter elect to commence in any court.

1. The first section, authorizing a reference of a controversy or disagreement, or of a "demand or claim," after personal demand, or refusal or neglect to pay, contains no apt language to include suit or action, and was not intended to, as is manifest by the 5th section of the same act, which provides that "the Supreme Court shall have power to refer all actions now pending therein, wherein any such receiver is a party."

2. If the plaintiff's construction be correct, then the action can be referred only by a justice of the Supreme Court, whether brought in that court or in the Superior Court, or even in a justice's court; and by section 2, whenever commenced the result is to be a judgment of the Supreme Court.

3. By the 2d section the referee is to proceed in a summary manner, upon written or oral pleadings, and have the same powers as if appointed by the Supreme Court in actions, the judgment is to be the judgment of said court in the same manner. On appeal, only that court can set aside the report; and

---

* Present, W. W. CAMPBELL, P. J., JOHN M. PARKER, CHARLES MASON, and R. BALCOM, JJ. No written opinion was delivered.

by the same section peculiar restrictions are placed upon the right of appeal.

4. By section 3, the controversy is to be brought to a hearing upon notice, the same as required by the practice of the Supreme Court, which is a useless provision if an action was contemplated.

5. If an action is within the intention of the first four sections, then it follows that a receiver, after electing to commence an action, may by reason of a change of venue, or for any other caprice, elect not to continue it in court, to be governed by ordinary legal rules, but to reduce his action to a mere controversy, governed by no rules.

6. By the 4th section, the referee, as to commissions to examine witnesses, becomes, or is to act as a justice's court; so that these actions now pending in the court, if the orders of reference stand, lose, for a while at least, their character as actions, and have no standing in any court: but on the subject of commissions they again appear in court, but this time in the character of justice's court actions; and in case of an appeal they reappear at the general term, irrespective of the court wherein they were commenced.

7. By section 5, the Supreme Court is limited, in the power given to refer actions, to such as were pending therein at the time of the enactment.

8. The application to refer, under the first section, can only be made to a justice of the Supreme Court, and not to the court, as was attempted in this case; and under the 5th section, the application must be to the Supreme Court, and then only to refer actions then pending in that court.

II. These actions were not referable under the Code, section 271.

As this action was not pending until after the act of April 21, 1862, became a law, the order of reference should be reversed, with costs.

*Henry R. Mygatt*, for the respondent.—This action is referable under the act of April 21, 1862.

The motion was to the court for a reference. In Sands, receiver, a. Kimbark and others, executors, the proceeding was commenced under the act "to facilitate the closing up of in-

solvent and dissolved Mutual Insurance Companies," passed April 21, 1862. (39 *Barb.*, 108.)

The act was declared constitutional, and on appeal the affirmance by this court was concurred in by all the judges.

In this court, by MARVIN, J. "The proceedings were instituted before the Supreme Court by a notice, in pursuance of the statute; and the referee was appointed by the court, or a justice thereof. The proceeding under the statute is in the Supreme Court."

1st. Statutes are construed according to their meaning. When by section 1 of the act of April 21, 1862, the Legislature said, "if any controversy or disagreement shall arise between the receiver of an insolvent or dissolved Mutual Insurance Company, in the settlement of any demand or claim against any member or stockholder of the company of which he is receiver," . . . . or if after personal demand for payment of such demand or claim shall have been made, and the payment of the sum claimed be neglected or refused, . . . . . : . the same may be referred," the Legislature thereby intended that all of this class of cases should be referred.

The words of this statute are not obscure. The intention is manifest. Even if the act was obscure, the intention of the Legislature would be resorted to. And that intention is manifest from the title of the act, "to facilitate the closing up" of these companies.

The object was to create a tribunal where these cases could be speedily tried, and the creditors receive their long-delayed claims.

The intention of the makers is most clear; and that intention, according to well-settled principles, controls the meaning. (People *a*. Utica Ins. Co., 15 *Johns.*, 358; *Plowden*, 18, 88; 2 *Institutes*, 64; James *a*. Patten, 6 *N. Y.* (2 *Seld.*), 9.)

The intention is gathered from the occasion and necessity of the law; the defect of the former law and the designed remedies, being the causes which moved the Legislature to enact it. (*Dwarris on Statutes*, 562; Pillow *a*. Bushnell, 5 *Barb.*, 156.)

2d. The statute provided not only for a reference of all cases thereafter to be prosecuted, but also of "all actions now pending therein."

As the intention of the lawgiver is to be deduced from a view of the whole and every part of a statute taken and compared together, it is evident that the real intention of the Legislature was to refer and facilitate the settlement of all the controversies of these companies, whether then pending or thereafter to be brought.

Section 5 of the act is as follows: "The Supreme Court shall have power to refer all actions now pending therein, wherein any such receiver is a party; and where any controversy arises, as mentioned in the first section of this act, such reference shall in no way prejudice the proceedings already had."

It provides not only for a "reference of actions now pending"—that is, pending when the act took effect—but for the reference of "any controversy that might thereafter arise, as mentioned in the first section of this act;" and also provided that such reference should not "prejudice the proceeding already had;" thereby most clearly meaning that in actions thereafter brought in the Supreme Court in this class of cases, a reference might be had as provided in section 1, and that without prejudice to the proceedings already had.

In Bangs, receiver, *a.* Barto (24 *How. Pr.*, 487), the court by MARVIN, J., in reference to this act, say: "The Supreme Court has power to refer actions pending, when the parties to the action and the controversy are such as are specified in the first section of the act. This is so provided by the fifth section."

3d. Before the act of April 21, 1862, proceedings of a like nature to the act in question were the laws of the land, prior to the Constitution of 1822, as well as under the Revised Statutes of 1830, and so continued until this day.

By the Revised Laws of 1813, "all matters and accounts between such absconding and concealed debtor and his debtors or creditors, his trustees were authorized to settle." (1 *R. L.*, 1813, 161, § 15.)

And referees were nominated and appointed for that purpose. (*Ib.*, 161, § 16.)

4th. The reference of claims due insurance companies is authorized in the same manner, and by the same statute, as the reference of all claims due to or from any bank or other insolvent corporation.

*First.* The term moneyed corporations applies, the same to insurance companies as to banks. "The term 'moneyed corporation,' as used in this title, shall be construed to mean every corporation having banking powers, or authorized by law to make insurances." (1 *Rev. Stat.*, 599, § 51; 2 *Ib.*, 5 ed., 526, § 54.)

*Second.* Equity proceedings against insurance companies are the same as against banks. The statute declares, that "whenever any corporation having banking powers, or authorized by law to make insurances, shall become insolvent," the same shall be restrained from exercising any of its corporate rights, privileges, or franchises. (2 *Rev. Stat.*, 464, § 39; 3 *Ib.*, 5 ed., 764, § 47.)

*Third.* The Revised Statutes declare that "such receivers" (referring to receivers of insolvent corporations) "shall have the power to settle any controversy that shall arise between them and any debtors or creditors of such corporations, by a reference, as is by law given to the trustees of insolvent debtors." (2 *Rev. Stat.*, 470, § 80; 3 *Ib.*, 5 ed., 770, § 54.

And the same proceedings for that purpose shall be had, and with the like effect. (*Ib.*)

*Fourth.* "If any controversy shall arise between the trustees (of an insolvent debtor) and any other person, in the settlement of any demands against such debtor, or of debts due to his estate, the same may be referred to three indifferent persons," to be agreed upon. (2 *Rev. Stat.*, 45, § 19; 3 *Ib.*, 5 ed., 118, § 21.)

If said referees are not selected by agreement, then they are to be appointed on ten days' notice to the officer making the appointment of said trustees. (2 *Rev. Stat.*, 45, § 20; 3 *Ib.*, 5 ed., 118, § 22.)

*Fifth.* By the act in question, the reference is retained, and the sole referee is adopted. The act assimilates to the sections of the act directing compulsory references in controversies with the trustees of insolvent debtors.

In the case before cited, of Sands, receiver, *a.* Kimbark *et al.*, in 29 Barb., 108, the Supreme Court at general term, opinion by Mr. Justice CAMPBELL, express the view that the act in question neither confers nor attempts to confer "any new equity jurisdiction;" and the court, at page 122, says, "Other reasons

than those given might be stated; especially the proceedings in the cases of the insolvency of individuals might be referred to as showing compulsory references prior to the Constitution of 1846."

It seems, therefore, that under the laws existing before the one in question, this action would have been referred to three referees, instead of the one as now allowed.

It is, however, sufficient that the act in question authorizes the reference to a sole referee.

By the Court.—Campbell, J.—The action in this case was commenced after the passage of the act of 21st April, 1862, being "An Act to Facilitate the Closing up of Insolvent and Dissolved Mutual Insurance Companies." The objection at first raised against the act, that it was unconstitutional, or it impaired or took away the right of trial by jury, has been disposed of in this court. The constitutionality of the law has been upheld. (Sands *a.* Kimbark, 27 *N. Y.*, 147. To the same effect was Sands *a.* Tillinghast, 24 *How. Pr.*, 435.)

The 5th section of the act provides, that all actions then pending in the Supreme Court at the time of the passage of the act might be referred by the court. The first section provides that if any controversy or disagreement shall arise between the receiver of an insolvent or dissolved mutual insurance company, in the settlement of any claim against any member or any other person, "the same may be referred to a sole referee"— that is, any controversy or disagreement which may arise between the receiver and a member or other person may be referred. Surely, where an action has been commenced by the receiver, and an answer has been put in denying the receiver's right to recover, a controversy has arisen both within the letter and the spirit of the act. The act provides that applications may be made for the appointment of a referee to a justice of the Supreme Court residing in the district where the receiver keeps his office. In this case, the order was made by such justice, but he was holding a special term of the court at the time. If the order could have been made by the justice at chambers, it would be difficult to see why he could not make it at a special term then being held at his chambers. But this controversy, at the time the order of reference was made, had

assumed the form of an action, and the action was then pending in the Supreme Court, which made it eminently proper that the order of reference should be made in court.

I am unable to see that any error was committed.

But the court are of opinion that the order was not appealable, and the appeal is dismissed, with costs.

---

## SANDS *a.* BIRCH.

*Supreme Court, Fourth District; General Term, July,* 1865.

REFERENCE OF SUITS CONCERNING DISSOLVED MUTUAL INSURANCE COMPANIES.

The act of 1862 (*Laws of* 1862, 743, ch. 412),—which authorizes the court to refer controversies, &c., relating to disputed or unpaid demands by receivers of mutual insurance companies against members or stockholders,—does not apply to actions brought since the enactment of the statute.*

Appeal from an order of reference.

This action was similar to that of Sands *a.* Harvey, above reported (*Ante,* 248), and was also commenced after the act of 1862.

It came before the general term of the Fourth district, upon an appeal from a similar order of reference.

*Vandenburgh* and *Heath,* for the appellants.

*Henry R. Mygatt,* for the respondent.

BY THE COURT.—BOOKES, J.—This is an appeal from an order appointing a referee to hear and determine the action. The order of reference was made by authority of the act of 1862 (*Session Laws,* 743, ch. 412); and it is conceded that the action

---

* See, to the contrary, the preceding case.